**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD WALTER JOHNSON,

       Petitioner - Appellant,

v.

KENNETH LEE SALAZAR, Attorney
General of the State of Colorado;
JOANIE M. SHOEMAKER;
WILLIAM BOTEORS,

       Respondents - Appellees.

No. 02-1377
D.C. No. 02-Z-900
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO** and **HARTZ**, Circuit Judges.

Petitioner Richard Walter Johnson brings this appeal pro se under § 2254,

challenging his state sentence. His arguments are difficult to discern, but revolve

around three claims. His first claim is that he was forced to proceed pro se

involuntarily at trial. His second claim is that he was denied discovery. His third

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

claim is unintelligible. He provides no details in the allegations and presents no evidence to support his assertions.

The magistrate judge and district court ordered Johnson to submit an amended § 2254 petition on court-approved forms, to state his claims clearly, to provide dates for each part of his direct appeal, and to provide dates for any post-conviction motions. Johnson submitted an amended petition on the new court-approved form, but failed to provide any of the requested information or to state his claims clearly. Within days, he twice more submitted incomprehensible amended habeas corpus applications. Ultimately, however, Johnson was unable to comply with the court's directive within the time permitted. The district court dismissed his petition without prejudice.

Johnson's instant appeal to the Tenth Circuit was filed beyond the 30-day window permitted under Fed. R. App. P. 4(a)(1)(A), but we find that we do have jurisdiction to hear his appeal under the mailbox rule. The 30-day window for appeal of Johnson's case closed on Monday, August 12, 2002. His notice of appeal was filed on August 15, 2002. Nonetheless, Johnson delivered his notice of appeal to prison officials on August 11, 2002 (see certificate of service), and so we deem his appeal to be timely. See generally Houston v. Lack, 487 U.S. 266, 275 - 76 (1988) (holding that a prisoner's document could be regarded as filed on the date it was delivered to prison officials for mailing).

Petitions for habeas corpus must present identifiable claims and allege specific facts to support the asserted claims.  Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977); see also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review, we affirm that none of Johnson's amended petitions meets this standard.

Therefore, for substantially the reasons stated by the magistrate judge and the district court, we DENY the issuance of a COA and DISMISS the appeal.  Mr. Johnson's motion to proceed in forma pauperis is denied.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge